IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**GLEN MATTINGLY,**

    **Plaintiff,**

v.                                                                                        Case No.

**JEFFERSON CAPITAL
SYSTEMS, LLC,**

    **Defendant.**

_____/

**PLAINTIFF'S STATEMENT OF CLAIM**

    **COMES NOW**, Plaintiff, **GLEN MATTINGLY** ("Mr. Mattingly" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Statement of Claim against Defendant, **JEFFERSON CAPITAL SYSTEMS, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

    1.    This action arises out of an alleged "Debt" as defined by 15 U.S.C. § 1692a(5) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), where Defendant communicated information in connection with the collection of the subject alleged Debt with person(s) other than Mr. Mattingly, his attorney, or a consumer reporting agency without prior consent of Mr. Mattingly given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy.

### *Jurisdiction and Venue*

2. This is an action for damages that does not exceed Eight Thousand Dollars ($8,000.00), exclusive of interest, costs, and attorney's fees.

3. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

4. Jurisdiction of this Court also arises where Defendant's tortious activity under the FDCPA occurred in the State of Florida.

5. Venue is proper in Hillsborough County, Florida, where Defendant has physical locations in Hillsborough County, Florida.

6. Venue is proper in Hillsborough County, Florida, where this tortious cause of action accrued in Hillsborough County.

7. Venue is also proper in Hillsborough County, Florida pursuant to Fla. Stat. § 559.77 (1) as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

8. Plaintiff, Mr. Mattingly, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3).

9. At all times material hereto, Defendant was and is a business with its principal place of business in the state of MN, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

10. Further, at all times material hereto, Defendant is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a(6).

11. Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts.

12. Defendant collects or attempts to collect defaulted debts owed to another using the telephone and mails.

### Statements of Fact

13. Mr. Mattingly opened a credit card account with LendingClub for personal or household use that was assigned a unique account number ending ▆▆ ("Account").

14. Sometime thereafter, Mr. Mattingly encountered financial difficulties and fell behind on his payments towards the Account, which incurred an outstanding balance owed thereunder ("Debt").

15. Under information and belief, the Account and Debt was then sold, assigned, or transferred to Defendant for collection purposes.

16. The Debt was in default status at the time it was sold, assigned, or transferred to Defendant for collection purposes.

17. Mr. Mattingly never directly provided Defendant with prior consent to communicate any information in connection with the collection of the Debt with any persons.

18. At no time has a court of competent jurisdiction authorized Defendant to communicate any information in connection with the collection of the Debt with any persons.

19. At no time has Defendant needed to effectuate a postjudgment judicial remedy when communicating any information in connection with the collection of the Debt with any persons.

20. Despite Defendant failing to have Mr. Mattingly's prior consent to communicate information in connection with the collection of the Debt with any persons, Defendant has communicated information in connection with the collection of the Debt to third-party vendors.

21. As part of its utilization of third-party vendors, Defendant conveyed information regarding the alleged Debt to at least one third party vendor.

22. The information conveyed by Defendant to its third-party vendor included Mr. Mattingly's personal identifying information, contact information, status as a debtor, the precise amount of the alleged Debt, the entity to which Mr. Mattingly allegedly owed the Debt, and the fact that the alleged Debt concerned a defaulted debt of Mr. Mattingly.

23. Defendant also conveyed that it was a debt collector attempting to collect a debt from Mr. Mattingly to its third party vendor(s).

24. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third party vendor that provided risk assessments with respect to Mr. Mattingly and the Account.

25. Under information and belief, Defendant communicated information in connection with the collection of the Debt to a third-party vendor that provided various scrubbing services with respect to Mr. Mattingly and the Account.

26. Defendant also communicated information in connection with the collection of the Debt to third-party vendors that it used to send collection letters to Mr. Mattingly.

27. The third-party vendor used the information from Defendant's communication in connection with the collection of the Debt to populate some or all information into a prewritten template that was then sent to Mr. Mattingly.

28. For example, on or around July 20, 2021, Defendant used a third-party vendor to send a letter to Mr. Mattingly in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit A.**

29. Defendant's July 20, 2021 letter sent by its third-party vendor was addressed directly to Mr. Mattingly and informed Mr. Mattingly that Defendant is the new owner of the Account. *See* **Exhibit A.**

30. On or around July 21, 2021, Defendant used a third-party vendor to send another letter directly to Mr. Mattingly in connection with the collection of an alleged debt owed on the Account. *See* **Exhibit B.**

31. Defendant's July 21, 2021 letter was addressed directly to Mr. Mattingly, demanded a total amount due of $7,421.80, and represented that Defendant's July 21, 2021 letter was "from a Debt Collector with the attempt to collect a debt. Any information obtained will be used for that purpose." *See* **Exhibit B.**

32. All of Defendant's letters to Mr. Mattingly were done in connection with the collection of the alleged Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

33. Mr. Mattingly re-alleges paragraphs 1-32 and incorporates the same herein by reference.

34. Mr. Mattingly is a "consumer" within the meaning of the FDCPA.

35. The subject debt is a "consumer debt" within the meaning of the FDCPA.

36. Defendant is a "debt collector" within the meaning of the FDCPA.

37. Defendant's communication of information in connection with the collection of the Debt to the subject third party vendor(s) is a "communication" as that term is defined by 15 U.S.C. § 1692a(2) and prohibited under 1692c(b).

38. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the Debt with person(s) other than Mr. Mattingly, his attorney, or a consumer reporting agency without the prior consent of Mr. Mattingly given directly to Defendant and without the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy.

39. As a result of the above violations of the FDCPA, Mr. Mattingly has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

40. Defendant's actions have damaged Mr. Mattingly by causing him stress.

41. Defendant's actions have damaged Mr. Mattingly by causing him anxiety.

42. Defendant's actions have damaged Mr. Mattingly by being an annoyance.

43. Defendant's actions have damaged Mr. Mattingly by causing him aggravation.

44. It has been necessary for Mr. Mattingly to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

45. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **GLEN MATTINGLY**, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 31, 2021,**

                                      <u>/s/ Kaelyn Diamond</u>
                                      Kaelyn Diamond, Esq.
                                      Florida Bar No. 125132
                                      kaelyn@attorneydebtfighters.com
                                      service@attorneydebtfighters.com
                                      Ziegler Diamond Law: Debt Fighters
                                      2561 Nursery Road, Suite A
                                      Clearwater, FL 33764
                                      (p)  (727) 538-4188
                                      (f)  (727) 362-4778
                                      *Counsel for Plaintiff*

# EXHIBIT A

Return Mail Only
PO BOX 1120
CHARLOTTE, NC 28201-1120

**Jefferson** CAPITAL
Physical Address
16 McLeland Road, Saint Cloud, MN 56303
1-800-281-2793 English and Español
Mon-Fri 8 AM - 4 PM Central Time



July 20, 2021

### Your Account Summary

| | |
|---|---|
| Debt Description: | LENDINGCLUB |
| Account #: | |
| Current Creditor: | JEFFERSON CAPITAL SYSTEMS LLC |
| JCS Reference #: | 3288 |

GLEN MATTINGLY

Dear Glen Mattingly:

The purpose of this letter is to advise you that Jefferson Capital Systems, LLC is the new owner of the above-referenced account. Accordingly, please include the JCS Reference Number on all correspondence.

No collection efforts will occur on this account for at least 30 days from the date of this notice.

IMPORTANT DISCLOSURE INFORMATION:

Although this communication is from a debt collector, this is not an attempt to collect a debt. This is a Notice of Assignment in accordance with the Florida Debt Buyer statute FCCPA 559.715.

Sincerely,
*Jefferson Capital Systems, LLC*
Jefferson Capital Systems, LLC